UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERIKA FOSTER

VERSUS

CITY OF ADDIS, ET AL

CIVIL ACTION

13-00702-JJB-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion (doc. 23) for Summary Judgment brought by Defendants, the Town of Addis,[1] a political subdivision of the State of Louisiana, and Robert Arrazattee and Kenneth DeCook of the Addis, La Police Department. Defendants seek dismissal of Plaintiff Erika Foster's claims for false arrest and failure to train and/or supervise under 42 U.S.C. § 1983, state law claims of assault and battery, cruel and unusual punishment under the Eighth Amendment of the United States Constitution (doc. 23) and 42 U.S.C. § 1983 for excessive force (doc. 27). Plaintiff has filed an opposition (doc. 27). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1343. For the reasons stated herein, the Defendants' Motion (doc. 23) for Summary Judgment is GRANTED.

**I. Factual and Procedural Background**

The evidence submitted on summary judgment establishes allegations arise out of an incident that occurred on November 2, 2012, when Plaintiff was arrested at Chuck's Bar in Addis, Louisiana. Upon her arrival, Plaintiff noticed police officers present at the bar and soon after "got into a fuss with the [bar's] owner."[2] Next, Plaintiff alleges Defendant Officer Arrazattee grabbed Ms. Foster by the collar, picked her up off her feet, before slamming her to the ground. After Officer Arrazattee informed Plaintiff she was resisting arrest, and while still

---

[1] Incorrectly named as the City of Addis in Complaint. Doc. 1 and Doc. 13.
[2] Doc 27, p1.

on the ground, Defendant Officer DaCooked forcibly pounded his knee into Plaintiff's back. Afterwards, Ms. Foster was charged with remaining after forbidden, disturbing the peace, and resisting an officer. After Plaintiff was arrested, she was transported to West Baton Rouge Parish Law Enforcement Complex,[3] which is neither owned nor operated by the Town of Addis or any of its officers.[4] Plaintiff alleges that, upon arriving at the jail, she advised that her head was hurting and was told that someone from the medical department would come examine her complaints. However, no examination ever took place. Plaintiff claims that after posting bond, she rushed to Earl K. Long Hospital where she was diagnosed with a moderate to severe concussion.[5]

On January 16, 2014, Plaintiff pled guilty to and was convicted of resisting an officer and remaining after forbidden (doc. 23-3 p1).[6] Plaintiff did not appeal the conviction, nor is there any record the conviction has been overturned.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must

---

[3] In her complaint, Plaintiff states she was transported to the Addis Police Department. Doc 1, ¶ 16.
[4] Doc 27, Exhibit E.
[5] Plaintiff has not submitted any medical evidence into the record.
[6] The charge of disturbing the peace was dismissed. Doc. 23-3 Exhibit A.

support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

## III. Discussion

### THE *HECK* DOCTRINE

The major issue in this ruling is whether or not Plaintiff's suit could collaterally attack the validity of her conviction. The Defendants argue Foster's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that to establish a cognizable claim for damages under § 1983 that would call into question or otherwise invalidate a conviction or sentence, a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck* 512 U.S. at 486-87. Courts refer to

this requirement as the "favorable termination rule." *Ballard v. Burton*, 444 F. 3d 391, 396 (5th Cir. 2006). The Supreme Court explained that if the plaintiff's claim sought to invalidate the underlying conviction or sentence, such claim must be dismissed unless the plaintiff could show that the conviction or sentence had already been invalidated. *Heck*, 512 U.S. at 487. If the district court determines that the Plaintiff's action, even if successful, will not inherently imply the nullification of the criminal judgment against the Plaintiff, the action should be allowed to proceed. *Arnold v. Town of Slaughter*, 2003 WL 25739166 at 1 (M.D. La. 2003).

**PLAINTIFF'S § 1983 CLAIM**

**False Arrest**

Foster's first claim alleges, while acting under the color of state law, Defendants Arrazattee and DaCook violated her civil and constitutional rights by wrongfully arresting her, offending her Fourth Amendment right to be free from unlawful seizure. Defendants argue Plaintiff's conviction in state court bar all § 1983 claims under the *Heck* doctrine. The "core of *Heck* is a proscription against allowing a civil tort suit to cast doubt on a criminal conviction." *Faulkner v. McCormick*, 2002 WL 31465892 at 2 (E.D. La. 11/1/02) (citing *Heck*, 512 U.S. at 487). Here, Foster pled guilty[7] and was convicted of resisting an officer and remaining after forbidden. Consequently, Plaintiff's claim of false arrest under § 1983 would directly contradict her conviction because part of the conviction of resisting an officer requires that there be a lawful arrest. To succeed under this claim, Plaintiff would have to prove that the arrest was unlawful, casting doubt on the subsequent conviction of resisting arrest. "*Heck* will not permit such a conflict between civil and criminal proceeding to stand simultaneously." *Arnold v. Town of Slaughter*, 2003 WL 25739166 at 3 (M.D. La. 2003). Allowing the Plaintiff to proceed with her

---

[7] Foster's attorney recalls her client pled *nolo contrendere* to these charges; however, court minutes reflect a guilty plea was entered. Doc 23-3 (Exhibit A).

false-arrest claim would necessarily attack one of the grounds for her arrest because she was charged with, and ultimately pleaded guilty to, resisting arrest. *Daigre v. City of Waveland*, Miss., 549 Fed. Appx. 283, 287 (5th Cir. 2013). Unless and until Plaintiff's criminal conviction is expunged or invalidated, a § 1983 claim for false arrest is therefore "not cognizable."

**Excessive Force**

In her Opposition to the Defendant's Motion for Summary Judgment, Plaintiff raises a claim[8] of excessive force under the Fourth Amendment. There, the Plaintiff argues that an excess force claim does not necessarily imply the invalidity of her resisting arrest conviction. A § 1983 claim for excessive force is cognizable under *Heck* when the claimant proves the facts surrounding the state conviction are "temporally and conceptually distinct from the excessive force claim." *Bush v. Strain*, 513 F. 3d 492, 498 (5th Cir. 2008). "Although the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Id.* at 497.

Plaintiff suggests *Graham v. Connor* offers the proper analysis for examining an excessive force claim in this instance. 490 U.S. 386, 39, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). While citing *Tennessee v. Garner,* 471 U.S. 1, 105 S. Ct. 169, 485 L. Ed. 2d 1 (1985), the court in *Graham* reasoned an excessive force claim, in light of the Fourth Amendment's prohibition against unreasonable seizures of the person, considers that the "'reasonableness' of a particular seizure depends not only on *when* it is made, but also on *how* it is carried out." 490 U.S. at 395. Further, "Proper application requires careful attention to the facts and circumstances

---

[8] Plaintiff's Petition does not allege a claim for excessive force. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of a claim showing that the pleader is entitled to relief.

of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene . . . . [And] must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

Conversely, in *Deleon v. City of Corpus Christi,* 488 F. 3d 649 (5th Cir. 2007), when applying *Heck* to a claim of excessive force, the court found the claim was not conceptually different or separable from the underlying conviction of aggravated assault. *Id.* at 656. Further, there was no alternative pleading or theory of recovery that would allow the claim to proceed without interfering with the criminal proceeding in which the plaintiff had already been found guilty. *Id.*

Here, Ms. Foster alleges excessive force was used while she was being restrained.[9] Again, the Defense points to *Heck* as legal grounds to bar this claim. This Court must agree; to question the reasonableness of an officer's use of force while detaining an arrestee, who subsequently was convicted with resisting arrest, is to contradict the underlying factual bases of that conviction. Similar to the ruling in *DeLeon*, this claim is not "conceptually different" or separable from the state charge of resisting an officer. Here, such a claim "squarely challenges the factual determination that underlies [the Plaintiff's] conviction." *Arnold v. Town of*

---

[9] In her Opposition, it is unclear whether Ms. Forster raises self-defense as a justification for her resisting an officer. Regardless, considering she did not avail herself of such a defense during her state proceeding, such a claim now would be *Heck* barred because it factually calls into question the validity of her conviction. *See* Hudson v. Hughes, 98 F. 3d 868, 873 (5th Cir. 1996).

*Slaughter,* 100 F. App'x 321, 324-225 (5th Cir. 2004); *see also Bates*, 2012 WL 3309381, at 5. Therefore, Plaintiff's claim for excessive force is barred by the *Heck* doctrine.

**STATE ASSAULT AND BATTERY**

Plaintiff alleges state law claims of assault and battery, specifically that she was slammed to the ground by Officer Arrazattee and that Officer DeCook put his knee into her back during the arrest.[10] Under the doctrine of supplemental jurisdiction,[11] a federal court has the power to hear a state law claim if it has a common nucleus of operative fact or arises out of the same transaction or occurrence as another federal claim. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); *Robertson v. Nueromedical Center,* 161 F. 3d 292 (5th Cir. 1998). In order to recover for an alleged battery, a plaintiff must prove, by a preponderance of the evidence, that his damages were the result of an unprovoked attack by the defendant. *Baugh v. Redmond*, 565 So. 2d 953 (La. App. 2d Cir. 1990); *Minkler v. Chumley*, 32-558 (La. App. 2nd Cir.12/08/99), 747 So. 2d 720; *Lowery v. Savana*, 33-384 (La. App. 2nd Cir. 5/10/00), 759 So. 2d 1020. Because an officer may use reasonable force to overcome resistance by the person being arrested, Plaintiff's claim that there was an unprovoked attack by Defendants would be necessarily inconsistent with, and call into question, the conviction for resisting arrest. Consequently, under *Heck* the existence of Plaintiff's conviction for resisting an officer precludes the instant state law action.

**LIABILITY OF THE TOWN OF ADDIS**

Plaintiff alleges the Town of Addis is liable for its failure to instruct, supervise, control, and monitor the actions of the officers.[12] "The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to *deliberate* indifference to the

---

[10] Doc. 1, ¶10 and 13.
[11] U.S.C. § 1367(C).
[12] Doc. 1, ¶ 34.

rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (emphasis added). A municipality can be held liable under §1983 only where its policies are the "moving force [behind] the constitutional violation." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Municipal liability for a constitutional injury therefore requires a finding that the individual officer is liable on the underlying, substantive claim. If there is no underlying constitutional violation against the plaintiff, then there can be no award of damages against a municipality. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986). While Plaintiff's claims—that the city's failure to provide training to municipal employees resulted in the constitutional deprivation she suffered—are cognizable under § 1983, they can only yield liability against a municipality where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants. *City of Canton, Ohio,* 489 U.S. at 392. However, after applying the ruling under *Heck,* there can be no cognizable §1983 claim against the officers, thus there can be no §1983 claim against the municipality for damages. Therefore, the allegations of failure to train and/or supervise against the Town of Addis are dismissed.

**CRUEL AND UNUSUAL PUNISHMENT**

Plaintiff alleges that the prison officials did not provide her medical care, which violated her 8th Amendment right to be free from cruel and unusual punishment. The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. "The Cruel and Unusual Punishments clause 'was designed to protect those convicted of crimes,' and, consequently, the Clause applies 'only after the State has complied with the constitutional guarantees traditionally

associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318-19, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (internal citations removed).

In their motion for summary judgment, Defendants make two arguments: (1) at the time of the alleged Eighth Amendment violation, Ms. Foster had not been convicted of a crime, and (2), that the site where the alleged injury occurred was not a facility owned or operated by the Town of Addis. Because Plaintiff alleges she was denied medical treatment prior to her conviction[13]—and thus no formal adjudication at the time of denial of constitutional rights—the Eighth Amendment does not apply. See *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983). As to the denial of care itself, Plaintiff has made no allegation that she requested medical care or that officers denied her of any.[14] The only allegations regarding medical care are made against a prison that is not owned nor operated by the Town. Therefore, regarding any claims of inadequate medical care occurring at the prison, the Town of Addis is not the appropriate defendant and are dismissed.

## IV. Conclusion

For the reasons stated herein, the Defendants' Motion (doc. 23) for Summary Judgment is GRANTED. All claims against Defendants, the Town of Addis, Robert Arrazattee, and Kenneth DeCook, are DISMISSED.

Signed in Baton Rouge, Louisiana, on November 3, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] On January 16, 2014 Plaintiff was only fined as a result of her conviction of resisting arrest and remaining after forbidden. Doc 23-3 (Exhibit A and Exhibit C).

[14] In her original complaint, Plaintiff states she advised that her head was hurting and asked Officer Arrazattee if she could use her phone to call someone to post bail and take her home. Doc. 1, ¶16. In her subsequent Opposition to Motion for Summary Judgment, Plaintiff states en route to the police station she begged for medical attention and was refused even after arriving at jail. Doc. 27, p1. However, this discrepancy is not discussed in Plaintiff's Statement of Contested Facts, filed in conjunction with her Opposition. Doc 27-1.